STEPHEN HARMON *vs.* HENRY BARSTOW.

H. purchased a judgment in favor of B. against G., which was sold for the costs due thereon under the statute; and before the expiration of two years, C. tendered to H., in the name of B., the amount he had paid for the judgment with the per cent. due, and also made a demand for the amount H. had collected on the judgment, which was refused. *Held*, that the party whose judgment had been sold is entitled to his remedy in chancery, for the purpose of redeeming the judgment, and also to a decree for the money which by means of the judgment the purchaser had collected on it.

The validity of the statute under which the judgment was sold, is not questioned; but if it were conceded that the whole proceeding were irregular and void, the appellant would not be permitted to avoid payment of the money he has collected, because of the irregular order or sale by which he pos-

Harmon *v.* Barstow.

sessed himself of the money to which the plaintiff in the judgment is entitled.

The amount paid out for the judgment was tendered by C., and the demand to redeem the payment was made by him in good faith as the agent of B., who then went into court and predicated his right to recover against the appellant on said tender and demand. *Held*, that it was a sufficient recognition and ratification of the agency of C., even if he had no special antecedent authority to act, and that which in itself is legally sufficient.

On appeal from the vice-chancery court at Fulton county; Hon. Henry Dickinson, vice-chancellor.

The opinion of the court contains a sufficient statement of the facts of the case.

*R. Davis*, for plaintiff in error.

*Lindsey & Copp*, for defendant in error.

Mr. Chief Justice Smith delivered the opinion of the court.

This is an appeal from the vice-chancery court for the northern district. The bill charges that Barstow, the appellee, was the plaintiff in a judgment recovered in the circuit court of Monroe county, against Thomas J. Green and others, which was sold for costs, pursuant to an order of said court, on the 21st of October, 1844; and that Harmon, the appellant, became the purchaser. The bill further charges, that Harmon collected $391.50 on said judgment; that Barstow, afterwards and within two years after the sale, tendered to Harmon, through his agent, the purchase-money of the judgment, with ten per cent. on the amount thereof, and demanded the money which had been received on the same; and that Harmon refused to accept the tender, or to pay over the amount which he had collected.

To this bill there was a demurrer, which being overruled, Harmon filed his answer, in which he admits that he purchased the said judgment, and had collected thereon about $390. That William Copp, on the 28th of September, 1846, offered to refund to him the sum paid for the judgment, and demanded of him the money which he had collected on the

judgment, and that both the tender and demand were refused. The answer, states the willingness of Harmon to pay the money to the plaintiff in the judgment, or to his authorized agent, but avers that said Copp, when he made the tender and demand, did not pretend to be the legally authorized agent of the plaintiff.

The chancellor decided in favor .of Barstow, and allowed interest on the amount collected by Harmon, from the time at which the suit was commenced.

It is insisted, in the first place, that the demurrer to the bill should have been sustained.

By means of the sale and the judgment made by the sheriff, the appellant became vested with all the rights, subject to the privilege of redemption, which the appellee held to the judgment before the sale, as fully and effectually as if the transfer had been made by the said appellee.  Hutch. Code, 921, § 3. The effect of the statute is to substitute the purchaser of the judgment for the plaintiff; and the whole proceeding embracing the order directing the sale of a judgment for costs, the execution which issues thereon, and the return of the sheriff, which should set out the notice of sale and the name of the purchaser, is made a part of the record in the original suit, the judgment or decree in which it was ordered to be sold.  Hutch. Code, 922, § 687.

The second section of this statute secures to the party whose judgment has been sold the right to redeem, within two years from the sale, and provides that upon the payment or the tender of the purchase-money, with ten per cent. to the vendee, such judgment shall be revived in favor of the plaintiff therein.

If under the operation of this section of the act, the tender of the purchase-money, made by Barstow to the appellant, reinvested the legal title to the judgment in the former, it is evident that the bill should not have been sustained.  But we do not think that such an effect can be given to the law; especially in cases similar to the present, where the fact of payment or tender of payment is contested.

As no provision is made by the statute for a case like the

one under consideration, we are of opinion that the proper remedy is by bill in equity. And the party having a right to go into chancery for the purpose of redeeming his judgment, is entitled also to a decree for the money, which by means of the judgment the appellant had collected.

It is suggested that the statute, under the provisions of which the sale was made, is unconstitutional, and hence that the order of sale and the purchase of the judgment by the appellant are void. Upon this supposition it is contended, that as Harmon acquired no interest in, or any right whatever to the judgment, the collection of the money by him could not enure to the benefit of Barstow, who would not therefore be entitled to sue.

We do not question the validity of the statute; but if it were conceded that the whole proceeding was irregular and void, the appellant would not be permitted to evade payment of the money for that reason. Upon a well recognised rule, he would not be suffered to set up as a defence the illegality of the order for the sale of the judgment, or that the sale itself was void; as it was by means of such order and sale he had possessed himself of the money to which the plaintiff in the judgment was entitled.

In the next place, it is contended that the appellee was not entitled to a decree, because there was no sufficient tender of the purchase-money, and that the demand made upon Harmon was without authority from the plaintiff in the judgment.

It is not denied that a tender and demand were made by a party who affected to act as the agent of Barstow, although it is said in the answer that Copp, who made the tender and demand, did not pretend to be the legally authorized agent of the owner of the judgment.

The testimony shows that Copp tendered the money, and made the demand in good faith as the agent of Barstow; who went into court, and predicated his right to recover against the appellant on the tender and demand thus made. This we think was a recognition of the agency of Copp, and a ratification of his act by Barstow; and renders it unnecessary

to inquire whether Copp, in assuming to act as his agent, did so by virtue of an authority antecedently given, and which in itself was legally sufficient.

Let the decree be affirmed.